# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

O

JS - 6

Case No. SACV 08-1338 DOC                                     Date: May 4, 2011

Title: JESUS VASQUEZ, SR. v. UNITED STATES OF AMERICA

PRESENT:

                  THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

    NONE PRESENT                                     NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING PETITIONER'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

      Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Jesus Vasquez Sr. ("Vasquez") in the above-captioned case ("Motion") (Docket 1). After reviewing the moving and opposing papers, the Court DENIES the Motion.

### I.    BACKGROUND

      On November 15, 2006, a federal grand jury in the Central District of California returned a three-count indictment against Mr. Vasquez and three other co-defendants. *United States v. Juan Verdin et. al.*, SA CR 06-247 DOC, Docket 1 (docket entries in SA CR 06-247 DOC hereinafter referred to as "CR Docket"). Mr. Vasquez pled guilty to count one of the indictment on October 22, 2007, which charged Mr. Vasquez and his co-defendants with conspiring to possess with the intent to distribute 50 grams or more of a mixture of substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. CR Docket 48. On January 11, 2008, the Court sentenced Mr. Vasquez to 120 months imprisonment (the mandatory minimum sentence), five years supervised release, and ordered him to pay $100 special assessment. CR Docket 64.

      Mr. Vasquez now brings the instant motion, in which he argues that his court-appointed defense attorney, Katherine Corrigan, provided ineffective assistance of counsel.

## II. LEGAL STANDARD

To succeed on a claim for ineffective assistance of counsel, the petitioner must show: (1) that "counsel's representation fell below an objective standard of reasonableness;" and (2) that "any deficiencies in counsel's performance [are] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688-692 (1984). Deficient performance is demonstrated by a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694. In a guilty plea situation, the petitioner must establish a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *Does v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007).

A district court may not deny a § 2255 motion without an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. No evidentiary hearing need be held if the petitioner's allegations "viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal," or where the motion "presents no more than conclusory allegations, unsupported by facts and refuted by the record." *U.S. v. Quan*, 789 F.3d 711, 715 (9th Cir. 1986) (internal citations and quotations omitted).

## III. DISCUSSION

Mr. Vasquez's Motion rests solely on "conclusory allegations unsupported by facts and refuted by the record." *Id.* Mr. Vasquez's allegations can be summarized as follows: (1) his defense counsel provided ineffective assistance of counsel by failing to obtain certain intercepted calls and/or transcripts in discovery before Mr. Vasquez pled guilty; (2) his defense counsel provided ineffective assistance of counsel by refusing to investigate two phone calls from September 3, 2006 which showed that defendant discussed a lesser amount of cocaine base than that to which he pleaded guilty; (3) his defense counsel provided ineffective assistance of counsel by failing to attack defendant's misdemeanor conviction as set forth in the Presentence Report ("PSR"); and (4) his defense counsel provided ineffective assistance of counsel by threatening and intimidating defendant into pleading guilty. The Court addresses each allegation in turn.

### a. Discovery of Intercepted Calls / Transcripts

Mr. Vasquez first criticizes his counsel for allegedly failing to obtain and/or review discovery regarding intercepted phone calls and/or transcripts before convincing Mr. Vasquez to plead guilty. Mr. Vasquez specifically avers that his counsel told him that the government had not turned

over any discovery, but that he should plead guilty anyway, lest he face life imprisonment after an all-white jury convicted him. Mot. at 5. According to the sworn declaration submitted by Ms. Corrigan (Mr. Vasquez's attorney), Ms. Corrigan met with Mr. Vasquez several times before Mr. Vasquez pled guilty, each time in the presence of a Spanish language interpreter. Corrigan Decl., ¶ 6. During these meetings, Ms. Corrigan declares that she advised Mr. Vasquez of his right to proceed to trial and reviewed the government's evidence with him, including recordings of the intercepted calls and call sheets summarizing the calls' contents. *Id.* at ¶¶ 7-10, 14. Ms. Corrigan further declares that she did not threaten Mr. Vasquez in order to coerce him into pleading guilty and that she never told him that the prosecution had not produced discovery. *Id.* at ¶¶ 9, 15. Rather, Ms. Corrigan discussed the plea deal that Mr. Vasquez had been offered with him only after reviewing all of the evidence. *Id.* A declaration submitted by United States Attorney Terri Flynn corroborates Ms. Corrigan's assertions that she received the appropriate discovery from the government. *See* Flynn Decl., ¶¶ 2-5.

Mr. Vasquez has presented no evidence to refute Ms. Corrigan and Mr. Flynn's sworn statements. He has therefore failed to establish that his counsel provided ineffective assistance as a result of her alleged failure to review the appropriate discovery.

### b. Failure to Investigate September 3, 2006 Calls

Mr. Vasquez's next attack on his counsel focuses on her alleged failure to investigate two intercepted phone calls placed on September 3, 2006. Mr. Vasquez contends that investigation of these phone calls would have revealed "exculpatory evidence respecting . . . punishment," Mot. at 6, because the phone calls allegedly indicate that Mr. Vasquez was involved in only one narcotics transaction instead of two. *Id.* at 7. The contents of these two phone calls belie this assertion. The first call, which took place on September 3, 2006 at 10:43 a.m. between Mr. Vasquez and a co-defendant, featured Mr. Vasquez stating that "Chago" had come by and paid $100 for two "tweeners." Flynn Decl., ¶ 13. According to Mr. Flynn's declaration, two "tweeners" amounts to 3.54 grams of cocaine base. *Id.* This call refers to a *past* narcotics transaction. In the second call, which took place on September 3, 2006 at 1:24 p.m., the co-defendant instructs Mr. Vasquez to give a man referred to as "Daddy Yankee" two "tweeners" to sell. This call refers to a *future* narcotics transaction. The combined contents of the September 3, 2006 phone calls reveals that Mr. Vasquez was engaged in at least two sales of cocaine base. Ms. Corrigan declares that she discussed these phone calls with Mr. Vasquez prior to Mr. Vasquez pleading guilty and that Mr. Vasquez never suggested that the conversations in these two calls referred to a single incident. Corrigan Decl., ¶ 14.

Furthermore, Mr. Vasquez admitted in his plea agreement that the September 3, 2006 telephone calls were only "some" of the conversations he engaged in as part of his conspiracy to distribute cocaine base. Plea Agreement at 5, CR 43. Mr. Vasquez further admitted that he had conspired to distribute between 50 and 150 grams of cocaine base. Accordingly, it is of little importance whether the two September 3, 2006 phone calls referred to two transactions or one.

In light of the above, Mr. Vasquez has failed to raise a credible argument that his counsel was deficient in her investigation of these phone calls or that he suffered any prejudice as a result of her alleged deficiency.

### c. Decision Not to Challenge the PSR

Mr. Vasquez next takes issue with his attorney's decision not to challenge his PSR on the ground that it included a prior criminal conviction that Mr. Vasquez believes should not have counted toward his criminal history point calculation. Specifically, Mr. Vasquez argues that he should not have received two criminal history points for a 1999 misdemeanor conviction because that conviction yielded a sentence of probation. Contrary to Mr. Vasquez's contention, the United States Sentencing Guidelines ("Guidelines") state that if a defendant who receives a probationary sentence violates his probation and consequently receives a term of imprisonment, that term of imprisonment is to be used to compute the defendant's criminal history points. U.S.S.G. § 4A1.2(k)(1). Mr. Vasquez twice violated the probationary sentence he received as a result of his 1999 conviction, receiving three days in jail after the first violation and 120 days in jail after the second violation. Two criminal history points properly were added to Mr. Vasquez's total under the Guidelines. Ms. Corrigan's decision not to challenge these extra points at the sentencing hearing reflected a sound judgment call not to raise an issue that lacked merit. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1999) (failure to raise a meritless legal argument is not ineffective assistance of counsel).

In any event, the addition of these two criminal history points resulted in no prejudice to Mr. Vasquez. With or without these two points, Mr. Vasquez was subject to a mandatory minimum sentence of 120 months for the offense to which he pled guilty. Mr. Vasquez was sentenced to 120 months – the lightest possible sentence under the law.

### d. Counsel's Alleged Intimidation of Mr. Vasquez

Finally, Mr. Vasquez avers throughout the Motion that his counsel intimidated him into pleading guilty. He offers no evidence in support of these conclusory allegations, which are directly contradicted by Ms. Corrigan's declaration. Ms. Corrigan declares that she met with Mr. Vasquez on several occasions to discuss his case. Corrigan Decl., ¶ 6. She declares that, during these meetings, she never raised her voice or otherwise threatened Mr. Vasquez. *Id.* at ¶¶ 7, 11. Instead she attests to calmly and thoroughly discussing Mr. Vasquez's case with him, laying out all of the evidence against him and walking him through his options. *Id.* at ¶¶ 11-12. There is no evidence in the record of Mr. Vasquez ever complaining about Ms. Corrigan's actions or demeanor prior to the filing of the instant Motion.

The Court need not credit Mr. Vasquez's unsupported allegations. As the Ninth Circuit has explained, "[w]here a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record," or allegations "so palpably incredible or patently frivolous," the

Court may deny a petitioner's 2255 motion outright, without holding an evidentiary hearing. That is the appropriate course of action here.

## VI. DISPOSITION

For the reasons set forth above, Mr. Vasquez's Motion under 28 U.S.C. § 2255 is DENIED.

The Clerk shall serve this minute order on all parties to the action.